

U.S. Department of Justice

United States Attorney

*District of Columbia*



*Judiciary Center*
*555 Fourth St. N.W.*
*Washington, D.C. 20001*

February 3, 2006

Mary Petras, Esquire
Assistant Federal Public Defender
Suite 550
625 Indiana Avenue, N.W.
Washington, D.C. 20004

       Re:    <u>United States v. Larry Solomon, CR No. 05-205(RWR)</u>

Dear Ms. Petras:

      This letter sets forth the full and complete plea offer to your client, Mr. Larry Solomon. This offer is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia (hereinafter "the government" or "this Office" or "USAO-DC"). This plea offer will expire on February 3, 2006. Upon receipt, the executed letter will itself become the plea agreement. The terms of the offer are as follows:

      1.    **Charges**: Mr. Solomon agrees to plead guilty to Count Two of a Superseding Information charging a violation of 18 U.S.C. § 1035 (false statements regarding health care matters). It is understood that the guilty plea will be based on a factual admission of guilt to the offense charged to be made before the Court by Mr. Solomon and will be entered in accordance with Federal Rule of Criminal Procedure 11. Mr. Solomon will agree to a "Statement of the Offense" which fairly and accurately describes Mr. Solomon's actions and involvement in the false statement. It is anticipated that during the Rule 11 plea hearing, Mr. Solomon will adopt and sign the Statement of the Offense as a written proffer of evidence. The government will move to dismiss the remaining count of the Superseding Information as well as all the counts of the Indictment at sentencing. Mr. Solomon agrees that the counts to be dismissed at the time of sentencing were based in fact and would not provide a basis for any future claims under the "Hyde Amendment," 28 U.S.C. § 2412, and thus, specifically agrees not to file any claim under that law. Further, in Count Two of the Superseding Information, the government has not alleged that the charged conduct occurred in the District of Columbia. The defendant hereby expressly waives any defense to Count Two, based on venue.

      2.    **Potential penalties, assessments, and restitution**: Mr. Solomon understands that the statutory maximum sentence that can be imposed is five years imprisonment, a fine of $250,000, or a fine of twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571(d), a $100 special assessment, a three-year term of supervised release, an order of restitution, and an

obligation to pay any applicable interest or penalties on fines or restitution not timely made. Notwithstanding the maximum sentence, Mr. Solomon understands that the sentence to be imposed in this case will be determined by the court, guided by the factors enumerated in 18 U.S.C. 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission, Guidelines Manual (2005) (hereinafter "Sentencing Guidelines" or "U.S.S.G."). Mr. Solomon understands that this sentence, including the applicable sentencing guidelines range, as further limited by paragraph 4 below, will be determined solely by the Court, and the government cannot and does not make any promises, representations, or predictions regarding what sentence the Court will impose. Mr. Solomon further understands that if the Court imposes a sentence that is in any way unsatisfactory to him, he cannot move to withdraw his guilty plea.

3.     **Federal Sentencing Guidelines**:  The parties agree that based on the facts currently known to the government, the following is a correct calculation of relevant Sentencing Guideline factors:

§ 2B1.1
  (a) Base Offense Level                                                                  6

The parties do not agree about the amount of loss.

Your client and this Office agree that a sentence within the sentencing range determined pursuant to the United States Sentencing Guidelines as set forth in this paragraph would be a reasonable sentence for your client in this case. In the event that this plea offer either is not accepted by Mr. Solomon or is accepted by Mr. Solomon but the guilty plea either is rejected by the Court or subsequently is withdrawn, the parties will not be bound by the proposed interpretations of applicable Sentencing Guidelines provisions contained herein.

4.     **Maximum Sentence**:  Pursuant to Rule 11(c)(1)(C), the Court will not impose a sentence of imprisonment longer than 13 months. The Government also agrees, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, to present this condition of the plea agreement between the parties to the Court for its approval. If the Court accepts the 13-month maximum sentence agreed upon by the parties, then the Court will embody in the judgment and sentence the disposition provided for in this plea agreement, pursuant to Rule 11(c)(3) of the Federal Rules of Criminal Procedure. The parties understand, however, that, in light of other factors, the Court may not agree that such a maximum sentence is an appropriate one and may reject the plea agreement pursuant to Rule 11(c)(5) of the Federal Rules of Criminal Procedure. Mr. Solomon understands that, if this happens, the Court, in accordance with the requirements of Rule 11(c)(5), will inform the parties of its rejection of the plea agreement and will afford him an opportunity to withdraw the plea, or if he persists in the guilty plea, will inform your client that a final disposition may be less favorable to him than that contemplated by this agreement. The parties understand that this sentence may be either higher or lower than the Federal Sentencing Guideline range as calculated by the United States Probation Office. Nevertheless, the parties

agree that they will recommend to the Court that, pursuant to Federal Sentencing Guidelines Section 6B1.2(c)(2), there are justifiable reasons for the Court to accept the agreed-upon maximum sentence.

The government retains the right to request the maximum sentence of 13 months incarceration. Mr. Solomon retains the right to request a sentence of probation.

5.      **Financial Arrangements**: Mr. Solomon agrees that prior to or at the time of the sentencing, he will deliver to the Clerk's Office, United States District Court for the District of Columbia, a certified check in the amount of $100.00, to cover the special assessment, as required in 18 U.S.C. § 3013; he also agrees to pay restitution in the amount to be determined by the Court. Mr. Solomon also agrees to provide a full and complete accounting of all assets, real or tangible, held by him or in any other name for his benefit, and, to that end, to submit a standard form 500 (Financial Statement of Debtor).

6.      **Cooperation**: If Mr. Solomon wishes to cooperate with the government, he agrees to cooperate on the following terms and conditions:

        a.      Mr. Solomon shall cooperate truthfully, completely, and forthrightly with this Office and other federal, state, and local law enforcement authorities identified by this Office in any matter as to which the government deems the cooperation relevant. Mr. Solomon acknowledges that his cooperation may include, but will not necessarily be limited to, answering questions, providing sworn written statements, taking government-administered polygraph examination(s), and participating in covert law enforcement activities.

        b.      Mr. Solomon shall promptly turn over to the government or other law enforcement authorities or direct such law enforcement authorities to any and all evidence of crime, all contraband and proceeds of crime, and all assets traceable to such proceeds of crime.

        c.      Mr. Solomon shall testify fully and truthfully before any grand jury in the District of Columbia, and elsewhere, and at all trials of cases or other court proceedings in the District of Columbia, and elsewhere, at which his testimony may be deemed relevant by the government.

        d.      Mr. Solomon agrees not to disclose to any person or entity the fact of or details regarding his cooperation with law enforcement authorities.

        e.      Mr. Solomon understands and acknowledges that nothing in this agreement allows him to commit any criminal violation of local, state, or federal law during the period of his cooperation with law enforcement authorities or at any time prior to the sentencing in this case. The commission of a criminal offense during the period of his cooperation or at any time prior to sentencing will constitute a breach of this plea agreement and will relieve the government of all its obligations under this agreement. However, Mr. Solomon acknowledges

and agrees that such a breach of this agreement will not entitle him to move to withdraw his plea of guilty. Mr. Solomon further understands that, to establish a breach of this agreement, the government need only prove his commission of a criminal offense by a preponderance of the evidence.

7.  **Departure Committee:** At the time of Mr. Solomon's sentencing, the government will advise the sentencing judge and the United States Probation Office in the District of Columbia of the full nature, extent, and value of the cooperation provided by Mr. Solomon to the government. In addition, before sentencing, the government will inform the Departure Committee of the United States Attorney's Office for the District of Columbia of the full nature, extent, and value of the cooperation provided by Mr. Solomon to the government. If the Departure Committee determines that Mr. Solomon has provided substantial assistance in the investigation or prosecution of another person or entity that has committed any offense, then this Office will file a motion pursuant to U.S.S.G. § 5K1.1. Mr. Solomon understands that the determination of whether he has provided "substantial assistance" is within the sole discretion of the United States Attorney for the District of Columbia. Mr. Solomon further understands that the failure of this Office to file a "substantial assistance" departure motion is not a ground for him to move to withdraw his plea of guilty in this case.

8.  **Government Concessions:** In exchange for his guilty plea, the government agrees: 1) to agree to a two-level or a three-level, if applicable, adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1; 2) not to oppose Mr. Solomon's release pending sentencing; 3) not to oppose Mr. Solomon's voluntary surrender to commence serving any sentence which is imposed; and 4) not to oppose Mr. Solomon's request for the Court to request incarceration at a particular federal facility, provided that Mr. Solomon continues to show his acceptance of responsibility, as set forth in U.S.S.G. § 3E1.1, by: (a) cooperating with the presentence report writer (including answering all material questions truthfully and providing all financial information requested); (b) cooperating fully and truthfully with the Court in any proceeding arising from this matter; (c) complying with the other provisions of this agreement; and (d) abiding by the conditions set for his release by the Court. Also, subject to other paragraphs in this agreement, the government will not bring any additional criminal charges against Mr. Solomon in the United States District Court for the District of Columbia or the Superior Court of the District of Columbia for the offenses outlined in the underlying Indictment and/or the Superseding Information. This agreement not to prosecute Mr. Solomon does not extend to federal or local crimes of violence as those terms are defined in 18 U.S.C. § 16 and D.C. Code § 23-1331(4). It is understood that the United States has no evidence, as of the date of this agreement, of any crimes of violence involving Mr. Solomon.

9.  **Reservation of Allocution:** The government reserves its full right of allocution, including, among others things, the right: (a) to inform the presentence report writer of any relevant facts; (c) to dispute factual inaccuracies in the presentence report and to contest any matters not provided for in this plea agreement; and (d) to set forth at sentencing and at any

proceedings before the Bureau of Prisons all of its evidence with respect to all of Mr. Solomon's criminal activities, subject to the provisions of the following paragraph.

If in this plea agreement the government has agreed to recommend or refrain from recommending to the sentencing judge a particular resolution of any sentencing issue, the government reserves the right to full allocution in any post-sentence litigation in order to defend the sentencing judge's ultimate decision on such issues.

10.    **Breach of Agreement:** Mr. Solomon agrees that if he fails to comply with any of the provisions of this plea agreement, makes false or misleading statements before the Court, commits any further crimes, and/or attempts to withdraw the plea, the government will have the right to characterize such conduct as a breach of this plea agreement. Moreover, if during an investigation or prosecution Mr. Solomon should commit perjury, knowingly give any false statement, commit any act of contempt, or obstruct justice, the government may prosecute him for these offenses to the fullest extent provided by law. In the event of a breach of this agreement, (a) the government will be free from its obligations under the agreement and may take whatever position it believes appropriate as to the sentence and the conditions of Mr. Solomon's release (for example, should Mr. Solomon commit any conduct after the date of this agreement that would form the basis for an increase in Mr. Solomon's offense level or justify an upward departure -- examples of which include but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, a probation officer, or Court -- the government is free under this agreement to seek an increase in the offense level based on that post-agreement conduct); (b) Mr. Solomon will not have the right to move to withdraw the guilty plea; (c) Mr. Solomon shall be fully subject to criminal prosecution for any other crimes which he has committed or might commit, if any, including but not limited to perjury and obstruction of justice; and (d) the government will be free to use against Mr. Solomon, directly and indirectly, in any criminal or civil proceeding any of the information or materials provided by him pursuant to this agreement.

In the event of a dispute as to whether Mr. Solomon has breached this agreement, and if Mr. Solomon so requests, the matter shall be submitted to the Court and shall be resolved by the Court in an appropriate proceeding at which any information provided to the government prior to, during, or after the execution of the plea agreement shall be admissible and at which the government shall have the burden to establish a breach by a preponderance of the evidence.

11.    **USAO-DC's Criminal Division Bound:** Mr. Solomon understands that this agreement is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. This agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against Mr. Solomon.

12.   **Complete Agreement:** No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by Mr. Solomon, Mr. Solomon's counsel, and an Assistant United States Attorney for the District of Columbia.

If the foregoing terms and conditions are satisfactory, Mr. Solomon may indicate his assent by signing the agreement in the space indicated below and returning the original to the undersigned Assistant United States Attorneys once it has been signed by Mr. Solomon and his counsel.

Sincerely yours,

_/s/ Kenneth L. Wainstein/STD_
KENNETH L. WAINSTEIN
United States Attorney

By:   _/s/ Thomas Zeno/KH_
THOMAS E. ZENO
Assistant United States Attorney
Fraud and Public Corruption Section
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-6957

_/s/ Kim Herd_
KIM HERD
Assistant United States Attorney
Fraud and Public Corruption Section
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 616-3702

## DEFENDANT'S ACCEPTANCE

I have read this plea agreement, consisting of six pages, and have discussed it with my attorney. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in paragraph one.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: 2/3/06

Larry Solomon
Defendant

I have read each of the previous six pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client fully. These pages accurately and completely set forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

Date: 2/3/06

Mary Petras
Attorney for Defendant, Larry Solomon