UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA      :

     :     Cr. No. 05-205 (RWR)

       v.     

     :

LARRY SOLOMON      :

MOTION TO CLARIFY JUDGMENT
AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

Mr. Larry Solomon, the defendant, respectfully moves this Honorable Court to find that the Federal Bureau of Prisons' regulations which limit placement in Community Correction Centers ("CCC" or "halfway house") to the lesser of the last six months or the last ten percent of a prisoner's sentence, see 28 C.F.R. §§ 570.20, 570.21, are unconstitutional and to direct the BOP to consider this Court's recommendation that Mr. Solomon serve his six month sentence in a halfway house. Mr. Solomon specifically requests that the Court put this finding and order in his judgement. In support of this request, counsel submits:

On November 29, 2006, this Court sentenced Mr. Solomon to a six month period of incarceration and recommended that Mr. Solomon serve this sentence in a halfway house. The BOP has issued regulations limiting placement in CCCs to the last ten percent of a sentence, not to exceed six months. See 28 C.F.R. §§ 570.20, 570.21. These regulations are inconsistent with the BOP's statutory authority and are an improper exercise of the BOP's rulemaking authority. Although three United States Courts of Appeals – the only three Circuits to address the issue – agree and have held that these rules are invalid, the BOP continues to enforce the rules in the remaining Circuits, including this Circuit. See Levine v. Apker, 455 F.3d 71 (2d Cir. 2006);

<u>Fults v. Sandals</u>, 442 F.3d 1088 (8th Cir. 2006); <u>Woodall v. Bureau of Prisons</u>, 432 F.3d 235 (3d

Cir. 2005). <u>See</u> <u>also</u> Attachment A (Memorandum for the Inmate Population at FPC Alderson,

WV).[1] Thus, according to the attachment memorandum of BOP, unless this Court specifically

finds the regulations unconstitutional and directs the BOP to consider the Court's

recommendation, the BOP will not do so.

The statute that governs the BOP's authority to place prisoners in CCCs lists five factors

that the BOP must consider when making CCC placement and transfer decisions, including a

sentencing Court's recommendation. 18 U.S.C. § 3621(b). The regulations adopted by the BOP

categorically limit the time within which a prisoner can be placed in a CCC to the lesser of the

last ten percent of the prisoner's sentence or six months. 28 C.F.R. §§ 570.20, 570.21. These

regulations do not provide for the BOP to consider the § 3621 factors and, therefore, violate the

BOP's rulingmaking and statutory authority.

In authorizing the BOP to determine the location of an inmate's imprisonment, § 3621

provides:

> (b) Place of imprisonment. The Bureau of Prisons shall designate
> the place of the prisoner's imprisonment. The Bureau may
> designate any available penal or correctional facility that meets
> minimum standards of health and habitability established by the
> Bureau, whether maintained by the Federal Government o
> otherwise and whether within or without the judicial district in
> which he person was convicted, that the Bureau determines to be
> appropriate and suitable, considering –
> (1) the resources of te facility contemplated;
> (2) the nature and circumstances of the offense;
> (3) the history and characteristics of the prisoner;

---

[1]At least one judge of this Court also has found the regulations unconstitutional. <u>See</u>
<u>Jasperson v. Federal Bureau of Prisons</u>, __ F.Supp.2d __, 2006 WL 3060087 (D.D.C. Oct. 30,
2006) (HHK).

(4) any statements by the court that imposed the sentence –
        (A) concerning the purposes for which the sentence to
imprisonment was determined to be warranted; or
        (B) recommending a type of penal or correctional facility as
appropriate; and
(5) any pertinent policy statement issued by the Sentencing
Commission pursuant to section 994(a)(2) of title 28.
In designating the place of imprisonment or making transfers under
this subsection, there shall be no favoritism given to prisoners of
high social or economic status.  The Bureau may at any time,
having regard for the same matters, direct the transfer of a prisoner
from one penal or correctional facility to another.

The statutory provisions also obligate the BOP to prepare prisoners to re-enter the community by

placing them in CCCs:

(C) Pre-release custody.  The Bureau of Prisons shall, to the extent
practicable, assure that a prisoner serving a term of imprisonment
spends a reasonable part, not to exceed six months, of the last 10
per centum of the term to be served under conditions that will
afford the prisoner a reasonable opportunity to adjust to and
prepare for the prisoner's re-entry into the community.  The
authority provided by this subsection may be used to place a
prisoner in home confinement.

18 U.S.C. § 3624(c).

In 2005, the BOP issued rules categorically limiting the time within which a prison can be

transferred to a CCC to the lesser of the last ten percent of the prisoner's sentence or six months.

These rules provide:

§ 570.20 What is the purpose of this subpart?
(a) This subpart provides the Bureau of Prisons' (Bureau)
categorical exercise of discretion for designating inmates to
community confinement.  The Bureau designates inmates to
community confinement only as part of pre-release custody and
programming which will afford the prisoner a reasonable
opportunity to adjust to and prepare for re-entry into the
community.
(b) As discussed in this subpart, the term "community

3

> confinement" includes Community Corrections Centers (CCC)
> also known as "halfway house") and home confinement.
>  § 570.21 When will the Bureau designate inmates to community
> confinement?
> (a) The Bureau will designate inmates to community confinement
> only as part of pre-release custody and programming, during the
> last ten percent of the prison sentence being served, not to exceed
> six months.
> (b) We may exceed these time-frames only when specific Bureau
> programs allow greater periods of community confinement, as
> provided by separate statutory authority for example, residential
> substance abuse treatment program (18 U.S.C. § 3621 (e)(2)(A)),
> or shock incarceration program (18 U.S.C. § 4046(c))).

28 C.F.R. §§ 570.20, 570.21.

As noted above, three United States Courts of Appeals have addressed the issue of the

validity of these rules and all three agree that the Bureau of Prisons exceeded its authority in

categorically limiting halfway house placement to the lesser of the last six months or ten percent

of the sentence being served. See Levine v. Apker, 455 F.3d 71 (2d Cir. 2006); Fults v. Sandals,

442 F.3d 1088 (8th Cir. 2006); Woodall v. Bureau of Prisons, 432 F.3d 235 (3d Cir. 2005). As

the Second Circuit stated:

> The regulations do not allow the BOP to consider the nature and
> circumstances of an inmate's offense, his or her history and
> pertinent characteristics, or most importantly, any statement by the
> sentencing court concerning a placement recommendation and the
> purposes for the sentence. And yet, according to the text and
> history of § 3621, these factors must be taken into account. The
> regulations are invalid because the BOP may not categorically
> remove its ability to consider the explicit factors set forth by
> Congress in § 3621(b) for making placement and transfer
> determinations.

Woodall, 432 F.3d at 244. For the reasons set forth in the Levine, Fults, and Woodall decisions,

this Court should also find that the regulations are invalid.

4

<u>Conclusion</u>

Wherefore, for the foregoing reasons, Mr. Solomon respectfully requests that the Court state in Mr. Solomon's judgment that the Court finds the BOP regulations unconstitutional and specifically direct the BOP to, based on the factors set forth in 18 U.S.C. § 3621(b), consider Mr. Solomon for placement in a halfway house at the time that the BOP initially designates a facility for Mr. Solomon to serve his six month sentence.


Respectfully submitted,

/s/

_____
Mary Manning Petras
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Suite 550
Washington, D.C.  20004
(202) 208-7500