UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | :     Cr. No. 05-205 (RWR) |
| v. | |
| | : |
| LARRY SOLOMON | : |

REPLY TO GOVERNMENT'S
OPPOSITION TO MOTION TO CLARIFY JUDGMENT
AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

Mr. Larry Solomon, the defendant, has ask that the Court find that the Federal Bureau of Prisons' regulations which limit placement in Community Correction Centers ("CCC" or "halfway house") to the lesser of the last six months or the last ten percent of a prisoner's sentence, see 28 C.F.R. §§ 570.20, 570.21, are unconstitutional and direct the BOP to consider this Court's recommendation that Mr. Solomon serve his six month sentence in a halfway house. Specifically, Mr. Solomon requests that the Court put this finding and order in the judgment, which the Court has not yet issued. Mr. Solomon seeks only that the Court do what is necessary to ensure that the Court's sentence is carried out – that is that the Bureau of Prisons consider the Court's recommendation that Mr. Solomon serve his six month sentence in a halfway house. As Mr. Solomon's motion demonstrates, absent a specific statement in the judgment by the Court, the Court's intentions will not be carried out by the Bureau of Prisons, and the Bureau of Prisons will categorically deny Mr. Solomon the opportunity to serve his sentence in a halfway house.

Mr. Solomon has not asked that the Court change the sentence imposed at the sentencing hearing in this matter, but only that the Court take the steps necessary to ensure that the Court's intentions are carried out. To undersigned counsel's knowledge, at this time, the Court has not

yet signed Mr. Solomon's judgment. Until the Court signs the judgment, the Court has the authority to include within the judgment any language necessary to effectuate the sentence imposed. Cf. United States v. Kingsley, 241 F.3d 828 (6th Cir. 2001) ("The final, binding judgment in a criminal case consists of a written order 'signed by the judge and entered by the clerk.'" (quoting Fed.R.Crim.P. 32(d)(1))).

Even if the Court has signed the judgment, the Court can, within seven days after sentencing, correct any technical error – which would include the Court's failure to include language in the judgment necessary to ensure that the Court's intentions are carried out. See Fed.R.Crim.P. 35. The government cites no case in support of its claim that the clarification requested by Mr. Solomon is beyond the authority the Court has under Rule 35(a) to "correct a sentence that resulted from arithmetical, technical, or other clear error." The plain language of the rule authorizes the Court to add statements to the judgment that will ensure that the Bureau of Prisons imposes the sentence as the Court intended – that is by considering placement in a halfway house.

The government's assertion that Mr. Solomon's request must be made in a petition filed pursuant to 28 U.S.C. § 2241, is without merit. First, such petitions are reserved for individuals in custody. Mr. Solomon his not in custody and should not be forced to submit to custody before resolving this issue. That a § 2241 petition is one means for a defendant in custody to resolve an issue such as that raised by Mr. Solomon does not mean that it is the exclusive means for raising such an issue. See Jasperson v. Federal Bureau of Prisons, __ F.Supp.2d __, 2006 WL 3060087 (D.D.C. Oct. 30, 2006) (HHK).

The government's assertion that the Bureau of Prisons does not have the authority to treat a halfway house as a place of confinement is without merit. Congress has specifically granted the Bureau of Prisons the authority to place a defendant serving a sentence of confinement in a halfway house. See 18 U.S.C. §§ 3621(b), 3624(c). The cases cited by the government do not hold otherwise and only address the issue of the definition of imprisonment in the context of the United States Sentencing Guidelines. See United States v. Adler, 52 F.3d 20, 21 (2d Cir. 1995); United States v. Swigert, 18 F.3d 443, 445 (7th Cir. 1994); United States v. Voda, 994 F.2d 149, 152 (5th Cir. 1993); United States v. Latimer, 991 F.2d 1509 (5th Cir. 1993). Although the court in Voda addresses the authority to designate a facility for serving a sentence, the court did not hold that the Bureau of Prisons could not designate a halfway house. Voda, 994 F.2d at 152.

Finally, Mr. Solomon has not asked, as the government suggests, that the Court exceed its authority and order that the Bureau of Prisons designate a halfway house for him to serve his sentence. Mr. Solomon's request is only that the Court include in the judgment language that will require the Bureau of Prisons to consider the Court's recommendation, as 18 U.S.C. § 3621(b) requires.

WHEREFORE, for the foregoing reasons and the reasons set forth in Mr. Solomon's motion, Mr. Solomon respectfully requests that the Court state in Mr. Solomon's judgment that the Court finds the BOP regulations unconstitutional and specifically direct the BOP to, based on the factors set forth in 18 U.S.C. § 3621(b), consider Mr. Solomon for placement in a halfway house at the time that the BOP initially designates a facility for Mr. Solomon to serve his six month sentence.

Respectfully submitted,

/s/

_____
Mary Manning Petras
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Suite 550
Washington, D.C. 20004
(202) 208-7500