```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
```

|                              |   |                                  |
|------------------------------|---|----------------------------------|
| **UNITED STATES OF AMERICA,**| ) |                                  |
|                              | ) |                                  |
| v.                           | ) | Criminal Action No. 05-205 (RWR) |
|                              | ) |                                  |
| **LARRY SOLOMON,**           | ) |                                  |
|                              | ) |                                  |
| Defendant.                   | ) |                                  |

## MEMORANDUM ORDER

Defendant has moved to clarify the judgment. He was sentenced to a term of incarceration of six months with a recommendation to the Bureau of Prisons ("BOP") that his imprisonment term be served in a halfway house. Specifically, the defendant asks that the court find the BOP regulation, 28 C.F.R. § 570.21, which limits placement in halfway houses to the lesser of six months or ten percent of the sentence imposed, unconstitutional[1] and direct the BOP to consider the court's recommendation.[2] (See Def.'s Mot. to Clarify J. at 1.) While

---

[1] In support of his argument, the defendant cites not to cases finding the regulation unconstitutional, but to cases that find that the regulation violates 18 U.S.C. § 3621 in which Congress mandated that the BOP make individualized assessments in reaching confinement determinations, including taking into account the type of facility recommended by the sentencing judge. (See Def.'s Mot. to Clarify J. at 1-2, 4 (citing Levine v. Apker, 455 F.3d 71 (2d Cir. 2006), Fults v. Sanders, 442 F.3d 1088 (8th Cir. 2006), Woodall v. Fed. Bureau of Prisons, 432 F.3d 235 (3d Cir. 2005), Jasperson v. Fed. Bureau of Prisons, No. 06-01488, 2006 U.S. Dist. LEXIS 78463 (D.D.C. Oct. 30, 2006)).)

[2] The defendant's motion, captioned as a motion to clarify the judgment, asks the court to direct the BOP to

-2-

the cases cited by the defendant finding that the BOP regulation at issue contravenes 18 U.S.C. § 3621 appear to be well-reasoned and the defendant may have good cause to challenge the regulation's validity, a request to declare in a judgment and commitment order that the regulation is invalid appears misplaced.  The cases cited by the defendant challenged the validity of the BOP regulation via either a petition for a writ of habeas corpus or an individual civil action seeking a declaratory judgment and injunctive relief.  None of the cases cited arose by a motion to clarify the judgment in the underlying criminal case.  The defendant cites no authority for the proposition that it is proper for this court to issue in a criminal judgment and commitment order declaratory relief of the type the defendant seeks, particularly where the issue of the validity of the challenged regulation was not subject to full briefing during the pendency of the case.  Accordingly, it is hereby

ORDERED that defendant's motion to clarify the judgment be, and hereby is, DENIED.

---

consider the court's recommendation that the defendant be placed in a halfway house to serve his six-month term of imprisonment. However, there is nothing unclear about the judgment and commitment order.  As written, it plainly recommends to the BOP that defendant's sentence be served in a halfway house. Therefore, there is nothing to clarify.

-3-

SIGNED this 12th day of December, 2006.

```
                              _____/s/_____
                              RICHARD W. ROBERTS
                              United States District Judge
```